UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA LANCASTER, | § | No. |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PRIME SOURCE CAPITAL | § | |
| MANAGEMENT, LLC, | § | |
| | § | |
| Defendant. | § | |

# PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBRA LANCASTER (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, PRIME SOURCE CAPITAL MANAGEMENT, LLC, (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing at 1702 Glenwick Lane, Irvin, Dallas County, Texas.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Amherst, New York.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff on behalf of the original creditor, HSBC, with an account number ending in 0186.

12. Plaintiff's alleged debt owed to HSBC arises from transactions for personal, family, and household purposes.

13. In July of 2011, Defendant placed collection calls in an attempt to collect a debt owed to HSBC.

14. In the beginning of July of 2011, Defendant called Plaintiff's Son, Plaintiff's Mother-in-Law, and Plaintiff's Daughter-in-Law in an attempt to collect a debt owed to HSBC.

15. In the beginning of July of 2011, Defendant's collector, Kyle Smith, called Plaintiff's Son and left a message for Plaintiff's Son disclosing the fact that Plaintiff owes an alleged debt. *See* Defendant's transcribed voicemail message attached as Exhibit A.

16. In the beginning of July of 2011, Defendant's collector, Kyle Smith threatened legal action

against Plaintiff. *See* Exhibit A.

17. To date, Defendant has not taken legal action against Plaintiff.

18. After Defendant called Plaintiff's Son, Plaintiff's Mother-in-Law, and Plaintiff's Daughter-in-Law, Plaintiff's husband called Defendant to get Defendant's address.

19. Plaintiff and Plaintiff's husband wanted Defendant's address so Plaintiff's counsel, Debt Counsel for Seniors and the Disabled, could fax Defendant a cease and desist and notice of representation letter.

20. Plaintiff's husband spoke with one of Defendant's collectors in the beginning of July of 2011, to get Defendant's address, however, Defendant refused to give Plaintiff's husband Defendant's address.

21. Defendant's collector informed Plaintiff's husband that Defendant only wanted Plaintiff's money.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§169b(2)* of the FDCPA by communicating with Plaintiff's son and disclosing Plaintiff's debt to Plaintiff's son.

    b. Defendant violated *§169c(b)* of the FDCPA by communicating with Plaintiff's son in connection with the collection of the debt owed to HSBC.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    d. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading

       representations in connection with the collection of any debt.

   e. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, DEBRA LANCASTER, respectfully requests judgment be entered against Defendant, PRIME SOURCE CAPITAL MANAGEMENT, LLC, for the following:

23. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEBRA LANCASTER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By:/s/ Michael S. Agruss
    Michael S. Agruss (IL SBN: 6281600)
    Attorneys for Plaintiff
    Krohn & Moss, Ltd.
    120 W. Madison Street
    10th Floor
    Chicago, IL 60602
    Tel: 323-988-2400 x235
    Fax: 866-583-3695
    magruss@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, DEBRA LANCASTER, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DEBRA LANCASTER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9-21-2011
Date

*Debra Lancaster*
DEBRA LANCASTER

# **<u>EXHIBIT A</u>**

Hi, this is Kyle Smith calling from our offices of Prime Source, I am trying to reach Debra Lancaster, I do believe this is a relative of hers.  Our firm actually has been retained to handle a pre-litigation matter against Debra Lancaster at Dallas County.  It would be in her best interest to have her call in immediately.  My number here toll free is 877-463-1909 and I can be reached at direct extension 367.  This is very important once again that we do hear back from Debra Lancaster as soon as possible, also if you have any questions please feel free to contact me as well.  Thank you and goodbye.